**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Stephen J. Stanley, Jr.<br>3942 Latcha Rd.<br>Millbury, OH 43447, | \* | Case No. 3:19-cv-00640-JJH |
| | \* | Judge Jeffrey J. Helmick |
| Plaintiff, | \* | Magistrate Judge J |
| vs. | \* | **AMENDED COMPLAINT**<br>**WITH JURY DEMAND ENDORSED HEREON** |
| FCA US, LLC<br>c/o CT CORPORATION SYSTEM<br>4400 EASTON COMMONS WAY<br>SUITE 125<br>COLUMBUS OH 43219, | \* | |
| | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \*

In accordance with the court's Memorandum Opinion and Order of May 31, 2020, but without waiving his right to object to or appeal that ruling, Plaintiff Stephen J. Stanley, Jr. complains as follows:

### PARTIES

1. Plaintiff is an adult citizen of the State of Ohio who resides in this judicial district.

2. Defendant FCA US, LLC ("FCA"), formerly known as Chrysler Group LLC, is a foreign limited liability company organized under the laws of the State of Delaware, authorized to do business in the State of Ohio and doing business in this judicial district.

### JURISDICTION AND VENUE

3. This court has jurisdiction to hear this claim pursuant to 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio, Western Division.

**FACTS**

5. Plaintiff became an employee of FCA or one of its Chrysler predecessors on May 20, 1996, and provided at least 1,250 hours of service during the twelve months preceding May 31, 2018.

6. FCA is engaged in commerce or in an industry affecting commerce and employed at least fifty employees at or within a 75-mile radius of Plaintiff's worksite for each working day during each of twenty or more calendar workweeks in the calendar year preceding the events giving rise to this claim.

7. Plaintiff missed two days--February 19 and 26, 2018, while he was in the process of applying for intermittent FMLA leave due to his own serious medical condition.

8. Defendant denied Plaintiff FMLA coverage for those two days in February, ostensibly because the medical certification was one day late.

9. On March 12, 2018, FCA suspended Plaintiff without pay for a period of 33 days, for having missed those two days.

10. Plaintiff was entitled to FMLA leave for those two days.

11. Plaintiff had delivered the paperwork to his doctor in a timely fashion, and it was thus, out of his direct control.

12. Defendants unreasonably ignored other extenuating circumstances surrounding the timeliness of the medical certification including the following: (a) Defendants themselves did not act in a timely manner to inform Plaintiff of the date the certification was due; (b) Plaintiff did not receive the notice until February 26, 2018, the date Defendants claim the certification was due; (c) Plaintiff's doctor was not in the office when Plaintiff learned that the certification was due; (d) Plaintiff contacted

Sedgwick Claims Management Services, Inc., Defendant's agent, ("SEDGWICK") by phone, explained the delay and was promised an extension of time to produce the medical certification; and (d) Plaintiff's doctor signed the certification the next day, January 27, 2018, and faxed it to SEDGWICK.

13. SEDGWICK informed Plaintiff that he was denied FMLA leave for the period prior to February 26, 2018 because of his failure to submit a medical certification by that date; advised him to reapply for intermittent leave for the period beginning on February 27, 2018; and Plaintiff complied.

14. On May 11, 2018, the need arose for Plaintiff to take a day off due to the condition for which he had applied for FMLA originally, that he designated as a personal day, not knowing the status of his FMLA application.

15. Unbeknownst to Plaintiff, due to absences for which he was wrongfully denied FMLA leave, he was at a stage in FCA's attendance policy that did not allow him to take any personal days.

16. On May 31, 2018, Plaintiff was terminated for taking a personal day on May 11, 2018.

17. At all times relevant, Plaintiff suffered from a serious health condition that on an intermittent basis prevented him from performing his job.

18. Plaintiff gave notice to FCA of his intent to take leave, each time he did so.

19. Defendants denied Plaintiff FMLA leave, disciplined him for taking leave for which he ought to have been permitted FMLA protection, and ultimately fired him for violating FCA's attendance policy counting among the offending absences days that ought to have been protected by the FMLA.

20. Defendants' actions interfered with Plaintiff's rights under the FMLA.

21. Defendants' actions were malicious, reckless, and in bad faith.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for reinstatement; back pay including the value of his lost benefits for the period of his wrongful suspension between March 12 and April 16, 2018, and from May

31, 2018 until the date of his reinstated, with interest; the value of the tax bonuses, silver status bonus profit-sharing bonus, and any other bonus or payment paid during the period of his unlawful suspension or termination; liquidated damages in an amount equal to the lost pay, benefits and bonuses; punitive damages, and costs, including attorney fees.

          Respectfully submitted,

          /s/ *Catherine H. Killam*
          Catherine H. Killam (0023887)
          Greenfield, Killam, & Frank, Ltd.
          3450 West Central Avenue, Suite 370
          Toledo, Ohio 43606

          /s/ *Matthew B. Bryant*
          Matthew B. Bryant (0085991)
          Bryant Legal, LLC
          3450 West Central Avenue, Suite 370
          Toledo, Ohio 43606

          *Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

          Respectfully submitted,

          /s/ *Catherine H. Killam*
          Catherine H. Killam (0023887)
          Greenfield, Killam, & Frank, Ltd.
          3450 West Central Avenue, Suite 370
          Toledo, Ohio 43606

          *One of Plaintiff's Counsel*

## CERTIFICATE OF SERVICE

The forgoing document will be filed electronically and will be served by the court's ECF system automatically upon the defendant.

                          Respectfully submitted,

                          /s/ *Catherine H. Killam*
                          Catherine H. Killam (0023887)
                          Greenfield, Killam, & Frank, Ltd.
                          3450 West Central Avenue, Suite 370
                          Toledo, Ohio 43606

                          *One of Plaintiff's Counsel*

C:\Users\Cathy\Desktop\Stanley, Steve\Original & Draft Pleadings\Revised amended.complaint.wpd